LITTLE et al. v. UNITED STATES.

(Circuit Court, D. Vermont.    October 27, 1900.)

CUSTOMS DUTIES—BOOKS—STATE OR PUBLIC LIBRARIES.

County law library associations organized and maintained under Rev. St. Me. 1883, c. 55, which provides for the organization of such associations, and that their libraries shall be kept in rooms in the court houses provided by the counties, and shall be open to all the people of such counties, and to the support of which that and subsequent statutes devote certain fees and fines collected, are state institutions, and the library of each is a "state library," within the meaning of paragraph 503 of the tariff act of 1897, which places on the free list books imported solely for the use of state and public libraries.

Customs appeal from decision of board of general appraisers affirming an assessment of duty on certain imported law books.

Wilder L. Burnap, for appellants.

James L. Martin, U. S. Atty.

WHEELER, District Judge.    Paragraph 503 of the tariff act of 1897 puts "books  *  *  *  specially imported not more than two copies in any one invoice, in good faith,  *  *  *  for the use or by the order of  *  *  *  any state or public library, and not for sale," on the free list.    The appellants specially imported, through this collection district, two cases of law books, for the use of the Aroostook County Law Library Association, of Houlton, Me., which the collector assessed for duty at 25 per cent., under paragraph 403. The appellants protested that the books were free, under paragraph 503, and the board of general appraisers affirmed the classification, saying:

"In the absence of any evidence to the contrary, we must assume what is quite probable,—that the library of this association is a private one, designed solely for the use of members of the association, and therefore could not probably be considered as public, in any sense of the word."

Rev. Laws Me. c. 55, § 6, provide that, in every county where five or more attorneys reside, any five may procure themselves and the other resident attorneys to be incorporated for the purpose of establishing a law library, the name of which shall be, "Trustees of Law Library in County of ———;" that meetings shall be held in term time, at which the oldest member of the bar shall preside, and that they may choose a clerk, librarian, and treasurer; section 7, that the treasurer shall apply all the moneys, under the direction of the trustees, to form a law library; and chapter 8, § 11, that every county treasurer shall pay to the treasurer of the law library association of that county all money received from persons admitted as attorneys in the supreme judicial court.    Other statutes have provided for the payment over of percentages of certain fines for this purpose in each county, not exceeding a certain sum, till the rate was made 20 per cent., and the amount not to exceed $500.    Laws 1893, c. 271.    Evidence taken in this court, and undisputed, shows that this library association for whose use these books have been imported is one of these county associations, which was organized and has continued

under these laws; that the libraries are kept in rooms in the court houses provided by the counties, and are open and accessible to all the people of the counties, without restriction. Upon this evidence, these libraries seem clearly to be public. This system of county libraries extending throughout the state is a state system, and each one is, as a part of that system, a state institution, and not any the less so because the subject of the books of the libraries is not general, but is confined to law. All people are, by law, supposed to know the law; and the state of Maine appears to have taken these measures for providing these libraries, as a matter of public policy, in order that the people of the state may, to some extent, as they will, be actually as well as supposedly informed as to what the law is. In Williams v. School District, 33 Vt. 271, the exercise of the right of eminent domain by a school district to acquire a site for a school house was objected to because it would be for the use of the inhabitants of that district only, and not of the general public, and so not for a public use. But the several school districts of the towns were held to be a part of the general system of public education, and to be public in their character. As the case is now presented, the decision of the board of general appraisers must be reversed, and the classifications of the merchandise as dutiable set aside. Decision reversed